UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

**DAVID D. AUSTIN,**
                **Petitioner,**

v.                                                                  Case No. 15-cv-0272

**JUDY P. SMITH, Warden,**
**Oshkosh Correctional Institution,**
                **Respondent.**

_____

## DECISION AND ORDER

Petitioner David Austin has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction in Winnebago County. In 2008, petitioner was convicted following a jury trial of first degree sexual assault of a child in violation of Wis. Stat. § 948.02(1) and was sentenced to ten years of initial confinement and ten years of extended supervision. Respondent has filed a motion to dismiss, arguing that his federal habeas petition is untimely. Petitioner responded by filing a motion to dismiss respondent's motion and a motion for sanctions, arguing that respondent's motion to dismiss should be denied because it was untimely. I address these motions now.

First, I note that respondent's motion to dismiss was timely filed with the court. On June 15, 2015, I granted respondent an extension of time, until July 17, 2015, to serve and file either an answer to the petition or a motion to dismiss. Respondent timely filed her motion to dismiss along with a certificate of service on July 14, 2015, within the deadline. Respondent did file an amended certificate of service on July 28, 2015; however, it is unclear from the record what this amended certificate of service pertains to because no new or amended documents were filed with the court. What is clear from

the record is that respondent filed and served her motion and supporting documents on July 14, 2015, and it is on these July 14 filings which respondents ask me to rely. Therefore I will deny petitioner's motion to dismiss the motion and motion for sanctions and consider respondent's motion to dismiss on the merits.[1]

Respondent argues that petitioner's petition for a writ of habeas corpus fails because he failed to file it within the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a habeas petition to be filed within one year from "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations, however, is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. § 2244(d)(2).

The parties agree that the one-year statute of limitations began to run on March 14, 2010, the date on which petitioner's conviction became final.[2] After his direct appeal, petitioner filed six separate post-conviction and state habeas motions, during which the AEDPA statute of limitations was tolled. The parties agree that petitioner did not have state motions pending, and thus the AEDPA statute of limitations was running, during the following periods: March 14, 2010 through May 17, 2010 (a period of 64 days); July 11, 2012 through July 27, 2012 (a period of 16 days); September 26, 2013 through

---

[1] Petitioner also filed an affidavit noting that respondent did not serve him with a complete copy of the exhibits supporting her motion. This appears to have been a clerical error. In any event, I warn respondent that in the future, she should be diligent in timely serving documents on petitioner and in ensuring that documents served on petitioner are complete.

[2] The Wisconsin Supreme Court denied review of petitioner's direct appeal on December 14, 2009, and petitioner's time to seek review from the United States Supreme Court expired 90 days after that, or on March 14, 2010.

2

December 12, 2013 (a period of 77 days); and March 14, 2014 through April 25, 2014 (a period of 42 days). The parties further agree that the statute of limitations again began to run on September 25, 2014, after petitioner's last state action was completed. Based on these dates, petitioner's federal habeas petition was due on March 10, 2015 (166 days from September 25, 2014).[3] Because the habeas petition was received by the clerk of court and docketed on March 11, 2015, respondent argues it was filed one day past the statute of limitations.

However, the Seventh Circuit has adopted the prison mailbox rule, which provides that a prisoner's district court filing is deemed filed at the moment the prisoner places it in the prison mail system rather than when it reaches the clerk. *See Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015); *see also Jones v. Bertrand*, 171 F.3d 499 (7th Cir. 1999) (extending the prison mailbox rule to habeas petitions). Petitioner has provided a certificate of mailing declaring that he placed his habeas petition in the prison mailing system on March 9, 2015, as well as a copy of the cover letter he included with his habeas petition, dated March 9, 2015. This is sufficient to establish that petitioner mailed—and therefore filed—his petition on March 9, 2015, within the AEDPA statute of limitations. Thus, I will deny respondent's motion and order her to file an answer within 30 days of the date of this order.

**THEREFORE, IT IS ORDERED** that respondent's motion to dismiss (ECF No. 19) is **DENIED**. Respondent shall answer the petition within **30 days** of this order.

**IT IS FURTHER ORDERED** that petitioner's motion to dismiss respondent's motion and motion for sanctions (ECF No. 24) is **DENIED**.

---

[3] I have independently verified this math and agree with the parties that the habeas petition was due March 10, 2015.

3

Dated at Milwaukee, Wisconsin this 29th day of March 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge