UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID D. AUSTIN,
        Petitioner,

v.                                                                   Case No. 15-C-0272

JUDY P. SMITH,
        Respondent.

## ORDER

*Pro se* petitioner David D. Austin seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state criminal conviction on numerous grounds. In support of his petition, Austin seeks leave to conduct discovery under Rule 6 of the Rules governing § 2254 cases. Austin has identified the following six items that he would like provided to him: (1) a PowerPoint presentation used by the state during its closing argument; (2) all records, transcripts or audio recordings of Austin's phone calls recorded by or at the direction of the Winnebago County District Attorney's office; (3) any warrants referring to the petitioner or his residence; (4) all police reports related to the investigation or arrest of the petitioner; (5) receipts for all items seized from the petitioner's shared residence with Lee F., the mother of the victim; and (6) chain of custody information for items seized from the petitioner's shared residence with Lee F.

"A habeas petitioner, unlike the usual litigant in a federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 US 899, 904 (1997). Under prevailing case law, in order to obtain discovery, the petitioner must for each requested item "(1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show 'good cause' for the discovery." *Tabb v.*

*Christiansen,* 855 F. 3d 757, 763-64 (7th Cir. 2017); *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004). "Good cause . . . cannot exist where the facts alleged do not provide a basis for relief." *Hubanks*, 392 F.3d at 933. But "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 908-9 (quoting *Harris v. Nelson,* 394 U.S 286, 300 (1969).

Regarding the PowerPoint presentation, Austin has not established good cause for the discovery. Austin asserts that the prosecution "used [the PowerPoint] during closing arguments in an attempt to show the jury that the alleged victim was credible and that Austin's contention of innocence should not be believed." Austin further asserts that the PowerPoint included a graph that according to the prosecution demonstrated the consistency between the alleged victim's various accounts of the incident. Austin argues that this graph was not based on evidence from trial, because it did not include instances of the victim denying that she had ever been touched sexually. It is true that improper statements by a prosecutor during closing arguments regarding the credibility of a key witness might be the basis of a constitutional claim---either a due process claim, or, if the defendant's trial counsel failed to adequately respond to the statements, a claim of ineffective assistance of counsel. However, broader consideration of the trial record does not support a conclusion that the petitioner here may be able to establish that he is entitled to relief on either of these theories. First, the trial court's instructions to the jury clearly stated that closing arguments were not to be taken as evidence. ECF No. 32-26 at 140. Second, at several points in her closing

statement, the prosecutor acknowledged that the victim had at various times denied that the touching happened and discussed possible explanations for such denials. *Id.* at 151-158. Third, defense counsel's closing argument attacked the consistency of the victim's story. *Id.* at 169-170. Thus I cannot find reason to believe that discovery of this PowerPoint may enable the petitioner to establish a basis for relief.

Regarding the phone records, transcripts and recordings, I find that Austin has established both a colorable constitutional claim and good cause for discovery. Due process requires that a prosecutor disclose evidence that the defense might use to impeach the government's witnesses by showing bias or interest. *Giglio v. United States*, 405 U.S. 150, 154 (1972). Austin asserts that the transcripts and recordings at issue may include evidence that Lee F., the mother of the victim and a key government witness, changed her testimony because she was afraid that she would lose custody of her daughters if she did not testify against him. Austin's description of the content of three discs worth of recordings of these calls supports his assertion. ECF No. 1 at 38-39 (court's numbering). Therefore, I will grant Austin's motion to compel discovery with respect to transcripts and recordings of Austin's phone calls recorded by or at the direction of the Winnebago County District Attorney's office.

Austin's requests for warrants and police reports related to his arrest are unavailing. Austin claims that these documents will show that he was arrested illegally in his own home, without a warrant and without circumstances to justify such a warrantless arrest. However, habeas corpus is concerned with the fairness of the actual trial itself, and illegal arrest is not on its own grounds for habeas relief unless the petitioner can show that the violations tainted the trial process and undermined the

validity of the conviction. *U.S. ex rel Sproch v. Ragen*, 246 F.2d 264,265-66 (7th Cir. 1957). Austin does not indicate that any prejudice to him resulted from his arrest; he does not, for example, assert that he made incriminating statements as a consequence of the arrest, nor was any evidence taken at Austin's arrest introduced at trial. Austin has not therefore shown good cause for discovery of these documents; see also *Stone v. Powell*, 428 U.S. 465 (1976).

Austin's requests for receipts for all items seized from his residence and for chain of custody documentation of such items also fail for lack of good cause. Austin does not identify the items or explain how such items might have any bearing on his conviction. *Cf. Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999)("Habeas…was never meant to be a fishing expedition for habeas petitioners to explore their case in search of its existence.").

**THEREFORE, IT IS ORDERED** that Petitioner's Motion for Order Compelling Disclosure or Discovery (ECF No. 40) is **GRANTED IN PART AND DENIED IN PART**, as detailed above.

**IT IS FURTHER ORDERED** that Petitioner's Fourth Motion for Extension of Time (ECF No. 41) is **GRANTED.**

Dated at Milwaukee, Wisconsin, this 2nd day of August, 2018.

s/Lynn Ademan
LYNN ADELMAN
District Judge